IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 3:09CV432-HEH |
| TERRENCE R. BATZLI, *et. al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Denying Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment)

This is a declaratory judgment action brought against Terrence R. Batzli, a practicing attorney, and Batzli Wood & Stiles, P.C., by Minnesota Lawyers Mutual Insurance Company regarding professional liability insurance coverage. It is presently before the Court on Cross-Motions for Summary Judgment, Plaintiff's (Dk. No. 14), filed on September 24, 2009, and Defendants' (Dk. No. 20), filed on October 5, 2009. Both parties have filed extensive memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny both parties' Motion for Summary Judgment.

## I. <u>BACKGROUND</u>

In November 2004, attorney Terrence R. Batzli ("Batzli"), of the law firm Batzli Wood & Stiles, P.C. ("BW & S"), was engaged to represent Richard J. Chasen ("Mr. Chasen") in his divorce from Karen S. Chasen ("Mrs. Chasen"). As part of that representation, Batzli engaged in property settlement negotiations with Mrs. Chasen's attorney.[1] Prior to these negotiations, Batzli's client informed him that he wanted to obtain Mrs. Chasen's 20% interest in Chasen Properties, LLC.[2] In a October 27, 2005 letter, Batzli proposed to Mrs. Chasen through counsel that she relinquish her interest in Chasen Properties, LLC as part of the property settlement. Mrs. Chasen never responded to this proposal. Subsequently, Batzli drafted an Agreement and Stipulation ("Agreement"), which erroneously represented his clients position. Instead of stating that Mr. Chasen shall receive both his and Mrs. Chasen's interest, Batzli wrote that Mr. Chasen shall retain only "*His* interest." This Agreement was signed by both parties on January 11, 2006.

After the Agreement was signed, the drafting error was brought to Batzli's attention. In a March 20, 2006 letter, Mrs. Chasen's attorney advised Batzli that his client

---

[1] These settlement negotiations, among other things, involved a series of letters dating from August 23, 2005 to January 9, 2006, between attorneys Terrence R. Batzli and Murray Janus. Those letters discussed the distribution of various assets and properties.

[2] Chasen Properties, LLC was a family business, in which Mr. Chasen, Mrs. Chasen, and the three Chasen children each owned a 20% interest. Mrs. Chasen received her interest in Chasen Properties, LLC, as a gift from Mr. Chasen's family, making it separate property. The parties at the time of negotiations improperly considered Mrs. Chasen's interest marital property.

never agreed nor intended to relinquish her 20% interest in Chasen Properties, LLC. To remedy his error, Batzli discussed various options with Mr. Chasen, who ultimately decided to file a "Motion to Correct Scrivener's Error" in the Circuit Court for the City of Richmond on August 24, 2006.[3] The Circuit Court denied the Motion on December 20, 2006. This denial was later affirmed by the Court of Appeals of Virginia, on May 20, 2008, and Mrs. Chasen was awarded attorneys' fees. *Chasen v. Chasen*, 2008 WL 2092260, 3-4 (Va. Ct. App. May 20, 2008).

Several months after the Court of Appeals decision, Minnesota Lawyers Mutual Insurance Company ("MLM") renewed a Lawyers Professional Liability Policy (the "Policy"), policy number 19336-05, for BW & S and Batzli. The Policy period ran from October 1, 2008 to October 1, 2009, and included coverage for any "act, error, or omission of the INSURED or a person whose acts the INSURED is legally responsible" that occurred "(1) during the POLICY PERIOD; or (2) prior to the POLICY PERIOD and on or after the PRIOR ACTS RETROACTIVE DATE,[4] if the INSURED had no knowledge of facts which could reasonably support a CLAIM at the effective date of this

---

[3] Batzli states that one option he suggested to his client was that they could move the court to set aside the Agreement. Batzli claims that Mr. Chasen declined this option because he considered the Agreement favorable even without his wife's 20% interest in Chasen Properties. Another option given to Mr. Chasen was that he could contend that a scrivener's error was made in the drafting of the Agreement.

[4] Individually, Batzli's prior acts retroactive date began from when he first entered the private practice of law. This provision extended his coverage to potentially include all prior acts.

3

policy."[5] The Policy defined a claim as including "[a]n act, error or omission by any INSURED which has not resulted in a demand for DAMAGES but which an INSURED knows or reasonably should know, would support such a demand."

On January 8, 2009, Mr. Chasen filed a Complaint ("the Chasen Complaint") in the Circuit Court for the County of Henrico alleging that Batzli and BW & S breached their standard of care and professional duties while representing him in his divorce.[6] Based on this Chasen Complaint, Batzli gave notice of the claim to MLM in a January 14, 2009 letter. MLM denied coverage due to late notice on February 13, 2009.

On July 9, 2009, MLM filed a Complaint ("MLM Complaint") in this Court seeking declaratory judgment. MLM alleges that Batzli had knowledge of sufficient facts which could reasonably support a claim more than two years prior to the date of notice to MLM. MLM seeks a declaration of rights that it has no duty to defend or indemnify the Defendants because they failed to satisfy the Policy's "Claims-Made Provisions." The Defendants filed a Counterclaim on August 5, 2009, for declaratory relief and a breach of contract. In this opinion, the Court will address the Plaintiff's and Defendants' Motions for Summary Judgment.

## II. ANALYSIS

---

[5] This language is a portion of the "Claims-Made Provisions" in the Policy.

[6] Batzli was also sent a letter from Mr. Chasen's new attorney and a copy of the Complaint filed in Henrico County. Mr. Chasen's new attorney claims this letter was the first indication of a possible claim by Mr. Chasen concerning Batzli's drafting error in the Agreement.

## A. Standard of Review

When evaluating a motion for summary judgment under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted). A court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## B. "Eight Corners" Rule

The Supreme Court of Virginia has held "that the giving of notice of accident is a condition precedent to coverage under the contract of insurance and requires 'substantial compliance by the insured.'" *Liberty Mut. Ins. Co. v. Safeco Ins. Co.*, 223 Va. 317, 324, 288 S.E.2d 469, 473 (1982) (citing *State Farm v. Porter*, 221 Va. 592, 599, 272 S.E.2d 196, 200 (1980)). Only after first reviewing the factual record to determine whether

coverage was precluded by failure to provide timely notice will the Court restrain itself to the "eight corners" of the underlying complaint and the policy. *Penn-America Ins. Co. v. Mapp*, 461 F.Supp.2d 442, 452-456 (E.D. Va. 2006). The 'eight corners' rule involves the Court reviewing "the policy language to determine the terms of the coverage at issue and compare it with the allegations in the underlying lawsuit to determine whether any of the claims asserted are covered by the policy." *Id.*

In this case, it is clear that the question of Batzli's notice to MLM is a factual precondition to coverage. By recognizing the distinction between disputes over notice and disputes over whether a policy provides coverage for a given risk, this Court finds no reason to apply the 'eight corners' rule. Instead, this Court will review all available evidence to determine whether Batzli reasonably should have foreseen a claim.

C.     **Cross-Motion's for Summary Judgment**

"In determining the reasonableness of an insurer's notice, the Virginia Supreme Court follows an objective standard, requiring that an insurer be notified whenever it should reasonably appear to the insured that the policy may be implicated." *Dan River Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 489, 317 S.E.2d 485 (1984). "Failure to give timely notice will not be excused when the insured subjectively concludes that coverage under the policy will not be implicated or is ignorant of the notice provisions." *Atlas Ins. Co. v. Chapman*, 888 F.Supp. 742, 745 (E.D. Va. 1995). The policy provisions regarding a condition precedent involve a determination of whether it was reasonable for

an insured to anticipate or have any reason to anticipate that an insured's error, made before the inception of the policy, would result in a claim under the policy. *Commerical Underwriters Insurance Co. v. Hunt & Calderone, P.C.*, 261 Va. 38, 43, 540 S.E.2d 491, 494 (2001).

Here, the essential issue for summary judgment is whether it was reasonable for Batzli to anticipate that his drafting error, made before the inception of the Policy, would result in a claim under the Policy. MLM contends that by filing the Motion to Correct Scrivener's Error and the subsequent appeal, Batzli had sufficient knowledge of a potential claim by Mr. Chasen. Furthermore, MLM alleges that Mrs. Chasen had originally agreed in preliminary negotiations to relinquish all of her interest in Chasen Properties, LLC. This interpretation of the preliminary negotiation bolsters MLM's assertion that Batzli's drafting error cost his client a substantial amount of property, providing another reason that Batzli should have foreseen Mr. Chasen's claim.

In contrast, Batzli argues that the Motion to Correct Scrivener's Error and appeal were made at the request of his client, Mr. Chasen. Batzli contends that Mr. Chasen never indicated that he was dissatisfied with the legal services provided and viewed the signed Agreement as advantageous even with the drafting error. Additionally, Batzli insists that Mrs. Chasen never intended to relinquish her interest in Chasen Properties, LLC. This version of Mrs. Chasen's intentions reaffirms Batzli's argument that Mr. Chasen lost no property due to the drafting error, further supporting the Defendants'

contention that Batzli had no reason to suspect a potential claim.

In reviewing all the facts and inferences in the light most favorable to the non-moving party, this Court finds a genuine factual dispute between the parties as to whether it was reasonable for Batzli to anticipate a claim by Mr. Chasen. The inability of the Court to resolve this critical factual dispute at this junction precludes summary disposition. Both parties' Motion for Summary Judgment are therefore denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the Plaintiff's and Defendants' Motions for Summary Judgment..

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 4th day of November 2009
Richmond, VA