# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MINNESOTA LAWYERS MUTUAL    )
INSURANCE COMPANY,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil Action No. 3:09CV432-HEH
    )
TERRENCE R. BATZLI, *et al.*,    )
    )
    Defendants.    )

## MEMORANDUM OPINION
### (Defendants' Motion for Jury Trial)

This case is before the Court on the Defendants' Motion for Jury Trial. The central issue is whether declaratory judgment actions sound in equity or law. As the United States Supreme Court noted in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988), "[a]ctions for declaratory judgments are neither legal nor equitable . . . ." *Id.* at 284.

When a claim for declaratory judgment, standing alone, seeks only an interpretation or construction of the law, there is obviously no entitlement to a jury trial. The procedure is different, however, when a court is confronted by a hybrid action which combines equitable and legal claims in the same lawsuit. These situations are procedurally more complex because the Seventh Amendment right to a trial may be implicated. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 153 (4th Cir. 1995). To determine how a statutory action, such as one seeking declaratory judgment, should be

tried procedurally, a court should examine the remedies sought. *Tull v. United States*, 481 U.S. 412, 417-18 (1987).

Therefore, the issue at hand is not squarely whether a declaratory judgment sounds in equity or law, but whether deciding a case-dispositive issue raised in a declaratory judgment action, prior to trial on a subsequently-filed but related counterclaim for damages, would violate the counterclaimant's Seventh Amendment right to a jury trial. More specifically, if a defendant is entitled to a jury trial on a claim for damages, that constitutionally-guaranteed right to a jury trial cannot be abridged by the filing of a suit for declaratory judgment seeking a peremptory court ruling on an element of proof critical to the claim at law.[1] This is the rule announced in *Beacon Theatres v. Westover*, 359 U.S. 500, 506-07 (1959).

Chief Judge Traxler of the United States Court of Appeals for the Fourth Circuit described the situation currently before the Court as essentially an inverted lawsuit which clearly implicates Seventh Amendment rights. *In re: Lockheed Martin Corp.*, 503 F.3d 351, 360 (4th Cir. 2007). Chief Judge Traxler concluded that a defendant cannot lose its right to a jury trial on case-determinative issues simply because the plaintiff initiated the declaratory action first. *Id.*

Judge Spouse's opinion in *Terry v. Chauffeurs, Teamsters & Helpers*, 863 F.2d 334, 336 (4th Cir. 1988), is instructive as to how a court should proceed in a hybrid

---

[1]The Defendants have also filed a counterclaim seeking similar declaratory relief; however, it does not effect the Court's opinion.

situation. A litigant's "right to a jury trial of legal issues [cannot] be lost through prior determination of equitable claims. . . . [I]n the absence of irreparable harm to the plaintiff seeking equitable relief, the legal issues should be tried to a jury before the court rule[s] on equitable claims." *Id.*

The Court in this case will follow the teachings of Judge Sprouse. Plaintiff's claim for declaratory judgment, along with Defendants' counterclaim for declaratory judgment, will be decided following a jury trial on the counterclaim for damages. In deciding the issue of whether or not the insurance contract in this case has been breached, the jury, as trier of fact, must necessarily address the issue of whether or not the Defendants gave timely notice of a claim under the insurance contract and otherwise complied with its provisions.

The Defendants' motion is therefore granted to the extent that both claims for declaratory judgment will be decided at the conclusion of the trial on Defendants' counterclaim for breach of contract, currently scheduled for March 1-2, 2010.[2]

---

[2]In their memorandum in opposition, Plaintiff contends that Defendants' request for a jury trial on the declaratory judgment count is untimely under Fed. R. Civ. P. 38(b). Since the relief granted simply defers the declaratory judgment actions until a jury resolves the claim at law, the Court need not reach this issue.

An appropriate Order will accompanying this Memorandum Opinion.

_____ /s/

                       Henry E. Hudson
                       United States District Judge

Date: Dec 22, 2005
Richmond, VA