**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| **MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 3:09CV432 |
| **TERRENCE R. BATZLI, and BATZLI WOOD & STILES, P.C.** | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the motion of the Plaintiff, Minnesota Lawyers Mutual Insurance Company ("MLM"), for leave to designate an expert witness (Docket No. 65) beyond the deadline established by the Court for doing so.

The scheduling order entered by the Court on August 7, 2009, provides that expert witnesses and reports not disclosed as required by Federal Rule of Civil Procedure 26(a)(2) and (3) and the deadlines established by the Court shall not be allowed to testify or be admitted into evidence unless the Court orders otherwise for good cause shown. (Docket No. 7.) "It is well settled that the Court has considerable discretion in determining whether to permit an expert, who is designated after the scheduling order deadline for doing so, to testify." Rambus, Inc. v. Infineon Tech. AG, 145 F. Supp. 2d 721, 736 (E.D. Va. 2001) (quoting Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D 372, 377 (D. Md. 1999)). In determining whether to exclude an expert witnesses not disclosed in compliance with the scheduling order, the Court must consider four factors: (1) the reason for failing to name the witness, (2) the importance of

the testimony, (3) the potential prejudiced in allowing the testimony, and (4) the availability of a continuance to cure such prejudice.  Id.

MLM contends that the proposed expert testimony at issue is necessary to rebut the Defendants' argument that their client was satisfied with the services rendered and that he suffered no loss as a result of the terms of the property settlement agreement as drafted by the Defendants.  MLM further explains that it did not designate an expert witness by the Court-ordered deadline because, at the time that the deadline passed, the declaratory judgment claims were scheduled to be resolved by the Court before the breach of contract counterclaim so that the only issue which could possibly remain to be decided by a jury would have been the amount of damages to which the Defendants would be entitled assuming the Defendants had been successful in the resolution of the declaratory judgment claims.

The Defendants have responded that MLM has failed to show good cause for its failure to timely designate an expert because MLM has known since the September 14, 2009 initial pretrial conference that a jury trial was scheduled for March 1, 2010.

In view of the evidence expected to be offered by the Defendants regarding their client's satisfaction with the services rendered and the property settlement agreement that was reached, notwithstanding the drafting error, and in further view of the Court's December 22, 2010 order granting Defendant's motion for a jury trial and postponing resolution of the parties' claims for declaratory judgment until after the conclusion of the trial on Defendant's counterclaim for breach of contract, the court finds that the Plaintiff has demonstrated good cause for its failure to earlier designate an expert witness.  Accordingly, the Court will order that MLM's motion for leave to designate an expert witness (Docket No. 65) be granted and that the discovery deadline

for the designation of expert witnesses be extended to allow the MLM to designate an expert prior to the March 1, 2010 jury trial. The parties are directed to agree upon an expedited schedule for expert witness disclosures, such that their expert discovery, including depositions, will be completed by February 5, 2010. By granting this limited extension of the discovery deadline, the Court by no means comments on the admissibility of such expert testimony at trial.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: January 29, 2010