IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL NO. 3:09CV432 |
| TERRENCE R. BATZLI, and BATZLI WOOD & STILES, P.C. | )<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM OPINION

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(A), and prior order of reference by the trial court (Docket No. 28), on the non-dispositive motion of the Plaintiff, Minnesota Lawyers Mutual Insurance Company ("MLM"), to exclude the testimony of one Donald Butler (Docket No. 63), and on the motion of the Defendants, Batzli *et. al.* ("Defendants"), to exclude the expert testimony of one David D. Masterman (Docket No. 64). The Court concludes that all relevant issues are fully briefed and that oral argument would not aid in the decisional process. Accordingly, the matters are "ripe" for resolution. For the reasons set forth herein, each motion is GRANTED.

## I. BACKGROUND

MLM moved for leave to designate an expert witness. (Docket No. 56). Defendants opposed the motion. (Docket No. 58). The Court granted MLM's motion and granted MLM leave to designate an expert and to conduct limited, relevant discovery; the Court's purpose in doing so was to perfect the record, while expressly declining to rule at that juncture on the

potential admissibility of such expert testimony at trial. (Docket No. 61). Defendants now object to the proposed testimony of MLM's expert witness (David D. Masterman), arguing that his opinion is beyond the scope of the Court's order granting leave to MLM to designate its expert; that allowing Mr. Masterman to testify as an expert would be unfairly prejudicial; that Mr. Masterman's opinion would not assist the trier of fact to understand the evidence or to determine a fact in issue; that Mr. Masterman's opinion contained conclusions of law that were not appropriate for expert testimony; and that Mr. Masterman's opinion was "ghost-written" by counsel for MLM in violation of Fed. R. Civ. P. 26. (Def.'s Mem. in Support of Mot. to Exclude ("Def.'s Mem.") at 1-11.)

The Defendants have now designated Donald Butler as an expert witness to testify on their behalf. MLM objects to such proposed testimony, arguing that Mr. Butler cannot be permitted to offer lay opinion testimony pursuant to Fed. R. Evid. 701; that Mr. Butler cannot testify as a fact witness pursuant to Fed. R. Evid. 602; that Mr. Butler was not properly or timely designated as an expert witness;[1] and that Mr. Butler cannot be permitted to testify as a "professional in the field," since his proposed testimony is inherently expert testimony. (MLM's Mem. in Support of Mot. to Exclude ("MLM's Mem.") at 3-9.)

## II. GOVERNING STANDARD

Rule 702 of the Federal Rules of Evidence provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact
to understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education, may testify

---

[1]While the Defendants did not move the Court for leave to designate its expert, the Court at least implicitly indicated that it would entertain such a motion when it granted MLM's motion earlier.

> thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Fourth Circuit has held that the Court has broad discretion to decide whether such testimony should be admitted as helpful to the jury. U.S. v. Portsmouth Paving Corp., 694 F. 2d. 312, 323-24 (4th Cir. 1982). Further, pursuant to Fed. R. Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Fourth Circuit has also held that where lay jurors are fully able to understand and appreciate the implications of the evidence admitted, proffered expert testimony will not assist the jury in determining a factual issue; and, is therefore inappropriate. Portsmouth Paving, 694 F.2d. at 324; see Scott v. Sears, Roebuck, & Co., 789 F.2d 1052, 1055 (4th Cir. 1986).

## III. ANALYSIS

Both Donald Butler's and David P. Masterman's proffered evidence are inappropriate for this case. While it would be helpful to the jury to have an expert testify about asset classification in an equitable distribution case, neither expert's opinion addresses that concise issue. Instead, both Butler and Masterman only offer opinions as to the reasonableness of counsel's (Batzli's) conduct; the reasonableness of the resulting damages based on Batzli's conduct; and the foreseeability and reasonability of a claim for damages against Defendants. Expert testimony is inappropriate for such matters; instead, they are factual issues that lay jurors can independently understand and assess.

    **A.**    **Testimony of David D. Masterman**

As indicated previously, Defendants argue that Mr. Masterman's testimony is inadmissible for several reasons. Infra at 1-2. The Court will briefly address Defendants's allegation that the report was "ghost-written," only because of the nature of the allegation suggesting improper conduct by counsel; but because the Court finds that Mr. Masterman's opinion would not assist the trier of fact in any event, the Court will not address Defendants's additional arguments.

### 1. Mr. Masterman's expert report was not "ghost-written" by counsel for MLM in violation of Fed. R. Civ. P. 26.

Fed. R. Civ. P. 26 and Trigon Ins. Co. v. U.S. provide that an expert witness must prepare his own Rule 26 Report. 204 F.R.D. 277, 291 (E.D. Va. 2001). Specifically, it is improper for counsel to prepare the expert's opinion from "whole cloth," and then have the expert sign the drafted report as his own. Id. at 293.

Here, it appears from the submissions that counsel for MLM did not prepare Mr. Masterman's expert report from "whole cloth," and then simply ask him to sign it as his product. Instead, Mr. Masterman reviewed several pieces of evidence before he formulated his opinion and related it to counsel for MLM verbally. (Masterman Depo. at 17.) Only after receiving Mr. Masterman's verbal opinion did counsel for MLM draft the report. (Masterman Depo. at 17.) Upon receiving an initial draft of his expert report, Mr. Masterman reviewed the draft, made changes to it, and had a conversation with counsel for MLM reviewing the report "paragraph by paragraph." (Masterman Depo. at 17-18.) After those changes were made, Mr. Masterman again reviewed the report, and only signed it once he was satisfied with the changes that were made. (Masterman Depo. at 18-19.)

It is clear that Mr. Masterman played a much larger role in drafting his report than just

reading what counsel drafted for him and signing it. It is not improper for counsel to assist in the drafting of an expert report; it is only improper where counsel has prepared the report from "whole cloth" with little or no input from the expert. Only then is the report not the expert's own opinion. That is not the case here. Accordingly, the Court rejects Defendants's argument that Mr. Masterman's report was ghost-written by counsel for MLM.

> **2.     Mr. Masterman's opinion would not assist the trier of fact to understand the evidence.**

As stated above, expert testimony is only proper where it will assist the trier of fact to understand the evidence.

Specifically, MLM argues that:

> ...testimony and evidence bearing on what the outcome of an equitable distribution hearing would have been had there been no settlement in their client's divorce case, including evidence relative to what the outcome would have been of a disputed asset classification issue pertaining to appreciation of a separate asset, are well outside the knowledge and experience of the average juror.

(MLM's Mem. at 7-8). However, this is not apparent in Mr. Masterman's proffered testimony. Mr. Masterman instead would only be prepared to testify as to the reasonableness and foreseeability of a claim for legal malpractice against Batzli. The only mention of asset classification in Mr. Masterman's opinion is that:

> Any reasonable practitioner would have understood that it was entirely possible that the outcome of such a dispute would have been favorable to Mr. Chasen had the case gone to trial, and that even if the appreciation had been classified as marital property, that the Court might well have awarded the lion's share to Mr. Chasen on consideration of his work for the company.

(Plaintiff's Expert Disclosure of David Masterman, Esq. ("Masterman Disclosure") at 11.) The mention of asset classification is also unhelpful to any jury. Mr. Masterman is merely opining about what may or may not have happened had the case gone to trial; he is not assisting the jury

5

in understanding what asset classification is, or how it affects principles of equitable distribution.

Furthermore, Mr. Masterman's opinions about the reasonableness and foreseeability of a claim for malpractice are of no avail. Those are also issues for the trier of fact to determine. Counsel can certainly argue that Batzli's actions were or were not reasonable, as counsel can also argue whether or not a claim for legal malpractice was foreseeable. Lay jurors will be able to understand and appreciate the evidence as presented to them, without expert testimony on such matters.

### B. Testimony of Donald Butler

The Court finds that Mr. Butler's proposed testimony is inappropriate for the same reasons that Mr. Masterman's testimony is inappropriate in that Mr. Butler would opine on issues that are within the province of the jury to determine, and on which expert testimony would be inappropriate.

Further, the Court also notes that even if Defendants propose to have Mr. Butler testify as a "professional in the field," rather than as an expert, Mr. Butler's testimony would still be inadmissible. Defendants cite a Virginia Supreme Court case to support their qualification of Mr. Butler as a "professional in the field"; yet, state law is irrelevant in regard to the issue. Scott, 789 F.2d at 1054. Accordingly, Mr. Butler's proposed testimony would not be helpful to the jury and is otherwise inappropriate. As stated previously, lay jurors will be able to understand and appreciate the evidence as presented to them, without the use of such supposed expert testimony.

### IV. CONCLUSION

For the reasons discussed herein, MLM's motion to exclude the testimony of Donald

Butler (Docket No. 63) is GRANTED, and Defendants motion to exclude the expert testimony of David D. Masterman (Docket No. 64) is likewise GRANTED.

An appropriate Order shall issue.

                                                          /s/
                                      Dennis W. Dohnal
                                      United States Magistrate Judge

Richmond, Virginia
Date: February 18, 2010